**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*



**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

---

**John C. Brassell**
Assistant U.S. Attorney
John.Brassell@usdoj.gov
(541) 776-3564
*Reply to Medford Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 1, 2022

FILED 22 SEP 19 14:26USDC-ORM

Brian Butler
15 Newtown Street
Medford, OR 97501

     Re:   *United States v. Devin Friedrick Kruse*, Case No. 1:22-cr-00064-AA
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Counts 1 and 2 of the misdemeanor Information, which charge freedom of access to clinic entrances in violation of Title 18, United States Code, Section 248(a)(3).

3.    **Penalties**: The maximum sentence for each count is one year imprisonment, a fine of $100,000, one year of supervised release, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. The Josephine County District Attorney's Office agrees not to refile criminal charges for conduct arising out of criminal cases 21CR62589 and 21CR57462.

Revised May 2018

Brian Butler
Re: Kruse Plea Agreement Letter
Page 2

5.    **Elements and Factual Basis**:  In order for defendant to be found guilty of Counts 1 and 2 of the Information, the government must prove the following elements beyond a reasonable doubt:

First, defendant intentionally damaged or destroyed the property of a facility, or attempted to do so; and,

Second, because such facility provided reproductive health services.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant committed each element of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas.  The following facts are true and undisputed:

On November 23, 2021, Kruse approached the Planned Parenthood facility in Grants Pass, Oregon and broke five security cameras, a window, and a sign.  Kruse admitted to damaging the facility and told officers that taking children's lives was wrong, that he did not agree with Planned Parenthood, and that all Planned Parenthood facilities need to be shut down.

On November 26, 2021, Kruse returned to the same Planned Parenthood facility and threw a concrete block through the facility's window, tore down an intercom system, and broke several light bulbs.  Kruse admitted to damaging the facility and told police he was angry at Planned Parenthood for killing unborn children.

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2H1.1 is a Base Offense Level of 10, prior to adjustments.

8.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

Brian Butler
Re: Kruse Plea Agreement Letter
Page 3

9.    **Global Sentencing Recommendation**:  The parties will jointly recommend that defendant be sentenced to one-year probation on Count 1 and one-year probation on Count 2, both terms of probation to running consecutive to each other.

10.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that any of defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

       If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Revised May 2018

Brian Butler
Re: Kruse Plea Agreement Letter
Page 4

14.    **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Brian Butler
Re: Kruse Plea Agreement Letter
Page 5

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

\ \ \

\ \ \

\ \ \

Revised May 2018

Brian Butler
Re: Kruse Plea Agreement Letter
Page 6

16.    **Deadline**:  This plea offer expires if not accepted by July 25, 2022, at 5:00 p.m.

Sincerely,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*s/ John C. Brassell*

JOHN C. BRASSELL
GAVIN W. BRUCE
Assistant United States Attorneys

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

9/16/22
Date

Devin Kruse
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/16/22
Date

Attorney for Defendant

Revised May 2018