Brian C. Butler, OSB #981903
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon  97501
(541) 776-3630 Telephone
(541) 776-3624 Facsimile
Brian_Butler@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:22-cr-00064-AA-1 |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| DEVIN FRIEDRICK KRUSE, | |
| Defendant | February 23, 2023 at 10:00 |

Devin Friedrick Kruse, age 27, faces sentencing for two counts of Freedom of Access to Clinic Entrances in violation of 18 U.S.C. § 248(a)(3). The parties and the Presentence Report (PSR), agree that a sentence of two years of probation, and restitution of $24,650.16, is "sufficient, but not greater than necessary" to serve the goals of sentencing.

Page 1  DEFENDANT'S SENTENCING MEMORANDUM

**Offense Conduct**

On two occasions, within a three-day period, Mr. Kruse vandalized the Planned Parenthood clinic in Grants Pass, Oregon.  His conduct occurred at a time when Mr. Kruse was experiencing symptoms related to his mental health issues. He was overcome with emotion based on his deeply held religious beliefs regarding the morality of abortion, a service provided by Planned Parenthood.  He now understands that his actions were an inappropriate means to express his beliefs.

**Advisory Sentencing Guidelines Analysis**

The advisory sentencing guidelines analysis contained in the Presentence Report (PSR) is correct, and results in an advisory guidelines range of 8-14 months of incarceration.  However, the parties and the PSR agree that this fails to take into account Mr. Kruse's unique history and characteristics, including his significant mental health issues and his post-offense rehabilitation.

**Sentencing Factors in 18 U.S.C. § 3553(a).**

Under 18 U.S.C. 3553(a), the Court is directed to impose a sentence sufficient, but not greater than necessary to fulfill the goals of sentencing identified

by Congress. In particular, the Court is directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the goals of sentencing: punishment, deterrence, protection of the public, and rehabilitation of the defendant; (3) the kind of sentences available; (4) the recommended sentence under the sentencing guidelines; (5) any pertinent U.S.S.C. policy statements; (6) the need to avoid unwarranted disparities among similar defendants; and (7) the need to provide restitution to victims.

The United States Supreme Court indicated that post-offense rehabilitation may be "highly relevant" to several of the §3553(a) factors.

> [E]vidence of postsentencing rehabilitation may plainly be relevant to "the history and characteristics of the defendant." §3553(a)(1). Such evidence may also be pertinent to "the need for the sentence imposed" to serve the general purposes of sentencing set forth in §3553(a)(2) - in particular, to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training . . or other correctional treatment in the most effective manner." §§ 3551(a)(2)(B)-(D); See [United States v.] McMannus, 496 F. 3d. at 853 (Melloy, J., concurring) ("In assessing . . . deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct."). Postsentencing rehabilitation may also critically inform a sentencing judge's duty under § 3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in §3553(a)(2).

Page 3  DEFENDANT'S SENTENCING MEMORANDUM

*Pepper v. United States*, 562 U.S. 476, 491 (2011).

As the Supreme Court has recognized, probationary sentences constitute

punishment:

> We recognize that custodial sentences are qualitatively more severe than
> probationary sentences of equivalent terms. Offenders on probation are
> nonetheless subject to several standard conditions that substantially
> restrict their liberty. See United States v. Knights, 534 U.S. 112, 119, 122
> S.Ct. 587, 151 L.Ed.2d 497 (2001) ("Inherent in the very nature of probation
> is that probationers 'do not enjoy the absolute liberty to which every
> citizen is entitled' " (quoting Griffin v. Wisconsin, 483 U.S. 868, 874, 107
> S.Ct. 3164, 97 L.Ed.2d 709 (1987); internal quotation marks omitted)).
> Probationers may not leave the judicial district, move, or change jobs
> without notifying, and in some cases receiving permission from, their
> probation officer or the court. They must report regularly to their
> probation officer, permit unannounced visits to their homes, refrain from
> associating with any person convicted of a felony, and refrain from
> excessive drinking. USSG § 5B1.3. Most probationers are also subject to
> individual 'special conditions' imposed by the court.

Gall v. United States, 552 U.S. 38, 48, 128 S. Ct. 586, 595–96, 169 L. Ed. 2d 445
(2007).

Devin Kruse, who at age 27, is in a stable, married relationship with a one-

year-old son. He operates two business, First Class Yards, LLC and First Class

Lights, LLC, providing landscaping services and Christmas light installation.  He

recognizes the need to manage his mental health conditions, and successfully

completed mental health counseling at Options in August 2022.   He continues to

Page 4  DEFENDANT'S SENTENCING MEMORANDUM

do well on supervision and has had no violations.  While Mr. Kruse has had some prior involvement with law enforcement, he has no criminal convictions.  He is remorseful for his conduct in this case, and understands that, despite his deeply held religious beliefs, he used the wrong means to express those beliefs.

This Court should sentence Mr. Kruse to the probationary term that was negotiated between the parties and endorsed by the PSR, including the substantial restitution that will be a significant burden on Mr. Kruse.

Respectfully submitted this 15th day of February 2023.

*/s/ Brian C. Butler*
Brian C. Butler
Assistant Federal Public Defender